THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>LOGIC STAFFING LLC,<br><br>　　　　　　Defendant. | No. 3:18-cv-05888-RBL<br><br>DEFENDANT'S ANSWER TO COMPLAINT |

Defendant Logic Staffing LLC files this answer to Plaintiff U.S. Equal Employment Opportunity Commission's complaint. To the extent that any allegation in the complaint is not specifically admitted, the allegation is denied. Defendant answers the corresponding numbered paragraphs of the complaint as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

ANSWER: The allegations of Paragraph 1 constitute a legal conclusion to which no response is required.

ANSWER TO COMPLAINT
(No. 3:18-cv-05888-RBL) — 1
4834-3941-7218v.1 0080500-000018

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE, Suite 2300
Bellevue, WA  98004-5149
425.646.6100 main · 425.646.6199 fax

2. Venue is proper in the United States District Court for the Western District of Washington, because the alleged unlawful employment practices were committed in the State of Washington, City of Tacoma and in the County of Pierce.

ANSWER: The allegations of Paragraph 2 constitute a legal conclusion to which no response is required.

**PARTIES**

3. Plaintiff, the Equal Employment Opportunity Commission (the EEOC or Commission), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a) (incorporating by reference, 42 U.S.C. §§ 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3)).

ANSWER:  The allegations of Paragraph 3 constitute a legal conclusion to which no response is required.

4. At all relevant times, Logic Staffing LLC (Defendant), has been a Washington State Limited Liability Company doing business in the State of Washington and has continuously had at least 15 employees.

ANSWER:  Admitted.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5) and (7).

ANSWER:  Admitted.

ANSWER TO COMPLAINT
(No. 3:18-cv-05888-RBL) — 2
4834-3941-7218v.1 0080500-000018

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE, Suite 2300
Bellevue, WA  98004-5149
425.646.6100 main · 425.646.6199 fax

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

ANSWER:  Admitted.

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Keysi Severino-Gomez filed a charge of discrimination with the Commission alleging that Defendant discriminated against him in violation of the ADA.

ANSWER:  Admitted.

8. By letter dated September 13, 2018, the Commission issued to Defendant a Determination finding reasonable cause to believe that Defendant violated the ADA and invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

ANSWER: Admitted that Defendant received a letter from the Commission dated September 13, 2018, the contests of which speak for themselves. Defendant denies the allegations therein.

9. The EEOC communicated with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the EEOC's Letter of Determination.

ANSWER:  Admitted that the EEOC communicated with Defendant to provide Defendant the opportunity to enter into the conciliation process. Denied that Defendant engaged in the discriminatory practices described in the EEOC's Letter of Determination. Denied insofar as Paragraph 9 implies that the EEOC engaged in the conciliation process in the manner required by law or that the "opportunity" provided Defendant was reasonable.

10. The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

ANSWER TO COMPLAINT
(No. 3:18-cv-05888-RBL) — 3
4834-3941-7218v.1 0080500-000018

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE, Suite 2300
Bellevue, WA  98004-5149
425.646.6100 main · 425.646.6199 fax

ANSWER: Admitted that the conciliation process did not resolve the complaint. Denied insofar as Paragraph 10 implies that the EEOC engaged in the conciliation process in the manner required by law.

11. By letter dated October 16, 2018, the EEOC issued to Defendant notice that efforts to conciliate were unsuccessful and that further conciliation efforts would be futile or non-productive.

ANSWER: Admitted that Defendant received a letter dated October 16, 2018, the contents of which speak for themselves. Defendant denies the allegations therein.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

ANSWER: Denied.

13. Since at least November 14, 2017, Defendant has engaged in unlawful employment practices in violation of Sections 102(a) and (b) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and 12112(b). Defendant discriminated against Charging Party Keysi Severino-Gomez when it failed to hire him because of his actual disability.

ANSWER: Denied.

14. Severino-Gomez is Deaf. He is substantially limited in the major life activities of hearing and communicating with others.

ANSWER TO COMPLAINT
(No. 3:18-cv-05888-RBL) — 4
4834-3941-7218v.1 0080500-000018

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE, Suite 2300
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

ANSWER: Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 of the Complaint and on that basis denies those allegations.

15. Severino-Gomez is disabled within the meaning of the ADA. His physical impairment—deafness—is expressly identified as a disability in the ADA regulations. 29 C.F.R. §1630(2)(j)(3)(iii).

ANSWER: Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and on that basis denies those allegations.

16. In November 2017, Severino-Gomez applied for a position with Defendant as a Production Associate.

ANSWER: Admitted.

17. The Production Associate position offered by Defendant did not require any experience. The job entailed picking and sorting items for customer orders and then labeling and packaging them. The job site is in a warehouse.

ANSWER: Denied that the position to which Severino-Gomez applied did not require any experience. Admitted that the job entailed picking and sorting items for customer orders and then labeling and packaging them and that the job site is in a warehouse.

18. Severino-Gomez applied online for the Production Associate position.

ANSWER: Admitted.

ANSWER TO COMPLAINT
(No. 3:18-cv-05888-RBL) — 5
4834-3941-7218v.1 0080500-000018

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE, Suite 2300
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

19. Severino-Gomez was qualified for the Production Associate position. Although no prior experience was necessary, at the time of his application for the Production Associate position, he had experience performing warehouse work similar to the duties of the position.

ANSWER:  Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 19 and on that basis denies the allegations.

20. Severino-Gomez is a qualified individual with a disability who, under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8), could have performed the essential functions of the Production Associate position with or without reasonable accommodation.

ANSWER:  Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 20 that Severino-Gomez could have performed the essential functions of the Production Associate position with or without reasonable accommodation, and on that basis denies the allegations. The remaining allegations of Paragraph 20 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

21. On or about November 14, 2017, Defendant's Staffing Coordinator unsuccessfully attempted to reach Severino-Gomez to conduct a pre-screen interview for the Production Associate Position; she left a message for him to return her call. Severino-Gomez returned the call the same day using a Video Relay Service (VRS).

ANSWER:  Admitted that Defendant's employee attempted unsuccessfully to reach Severino-Gomez to conduct a pre-screen interview for the Production Associate Position and left a message for him to return her call. Admitted that Severino-Gomez then contacted Defendant. Defendant lacks information or knowledge sufficient to form a belief as to the timing of Severino-Gomez's call or Severino-Gomez used a Video Relay Service (VRS) to communicate with Defendant, and on that basis denies these allegations.

ANSWER TO COMPLAINT
(No. 3:18-cv-05888-RBL) — 6
4834-3941-7218v.1 0080500-000018

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE, Suite 2300
Bellevue, WA  98004-5149
425.646.6100 main · 425.646.6199 fax

22. VRS is a service that provides an American Sign Language (ASL) interpreter to interpret telephone conversations between audio callers and persons who are Deaf or hard of hearing. The interpreter communicates with the Deaf person using a video-display phone and relays the conversation between a "hearing" person on a telephone.

ANSWER: Defendant lacks information or knowledge sufficient to form a belief as to the allegations of Paragraph 22 and on that basis denies these allegations.

23. The Staffing Coordinator was not aware that Severino-Gomez is Deaf until he returned her call using VRS. The Staffing Coordinator was confused as to why a third person was on the call. Severino-Gomez informed her that he is Deaf and explained that the third person was an ASL interpreter. In response, she repeatedly informed Severino-Gomez that he could not be hired due to safety reasons. Severino-Gomez tried to explain that his deafness did not pose any safety risk and that he had experience performing similar duties in a warehouse setting. She then asked Severino-Gomez to hold while she consulted with her manager. When the Staffing Coordinator returned to the call she stated that the company did not hire people who are Deaf and abruptly ended the call. Severino-Gomez attempted to call her back, but she would not take the VRS call.

ANSWER: Admitted that Defendant's employee was not aware that Severino-Gomez is Deaf until he returned her call using VRS. Admitted that Severino-Gomez informed her that he is Deaf and explained that the third person was an ASL interpreter. Defendant denies the remaining allegations of Paragraph 23.

24. Defendant failed to hire Severino-Gomez for the Production Associate position because of his disability in violation of Sections 102(a) and (b) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and 12112(b).

ANSWER: Denied.

ANSWER TO COMPLAINT
(No. 3:18-cv-05888-RBL) — 7
4834-3941-7218v.1 0080500-000018

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE, Suite 2300
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

25. The effect of the practices complained of in paragraphs 13 through 24 above has been to deprive Keysi Severino-Gomez of equal employment opportunities and otherwise adversely affect his status as an applicant because of his disability.

<u>ANSWER</u>: Denied that the practices complained of in paragraphs 13 through 24 occurred. The remaining allegations of Paragraph 25 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

26. The unlawful employment practices complained of in paragraphs 13 through 24 above were intentional.

<u>ANSWER</u>: Denied that the practices complained of in paragraphs 13 through 24 occurred. Denied that any such practices, should they have occurred, were intentional.

27. The unlawful employment practices complained of in paragraphs 13 through 24 above were committed with malice or with reckless indifference to the federally protected rights of Keysi Severino-Gomez.

<u>ANSWER</u>: Denied that the practices complained of in paragraphs 13 through 24 occurred. Denied that any such practices, should they have occurred, were committed with malice or with reckless indifference. The remaining allegations of Paragraph 27 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

## II.　AFFIRMATIVE DEFENSES

Below are Defendant's affirmative defenses. By setting forth these affirmative defenses, Defendant does not assume any burden of proof as to any fact issue or other element of any

ANSWER TO COMPLAINT
(No. 3:18-cv-05888-RBL) — 8
4834-3941-7218v.1 0080500-000018

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE, Suite 2300
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

cause of action that properly belongs to Plaintiff. Defendant reserves the right to amend or supplement their affirmative defenses.

1. Some or all of the causes of action in the Complaint fail to state claims upon which relief can be granted.

2. Each of the EEOC's causes of action are barred, in whole or in part, because Defendant acted reasonably and in good faith at all times based on all relevant facts and circumstances known by Defendant at the time that Defendant acted.

3. Any actions taken by the Defendants with respect to Severino-Gomez were undertaken for legitimate business reasons and no unlawful factors motivated Defendants' actions towards Severino-Gomez.

4. The alleged injuries and damages, if any, were proximately caused by the negligence of the Severino-Gomez and/or the EEOC.

5. If Plaintiff is able to prove any discrimination occurred (which Defendant denies), Defendant reserves the right to assert a mixed-motive defense.

6. Plaintiff fails to state a prima facie case under any of the claims or causes of action it has asserted; in the alternative, assuming Plaintiff has stated a prima facie case, all conduct and actions on the part of Defendant concerning Severino-Gomez were wholly based on legitimate, nondiscriminatory reasons.

7. Plaintiff's causes of actions are frivolous, unreasonable or groundless, and accordingly, Defendant should recover all costs and attorneys' fees incurred herein.

8. Defendant further asserts that numerous material allegations in this Complaint are not well-grounded in fact or warranted by existing law or a good faith argument, that the allegations are put forth for an improper purpose and, therefore, Defendant is entitled to sanctions.

9. The EEOC failed to engage in the conciliation process in the manner required by law.

ANSWER TO COMPLAINT
(No. 3:18-cv-05888-RBL) — 9
4834-3941-7218v.1 0080500-000018

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE, Suite 2300
Bellevue, WA  98004-5149
425.646.6100 main · 425.646.6199 fax

10. Plaintiff's claims are barred on the grounds of waiver, estoppel, and/or unclean hands.

11. Defendant denies that either the EEOC or Severino-Gomez are entitled to recover any damages or other relief.

12. Defendant asserts that numerous material allegations in the Complaint are not well-grounded in fact or warranted by existing law or a good faith argument, that the allegations are put forth for an improper purpose and, therefore, Defendant is entitled to sanctions.

13. The causes of action set forth in the Complaint are frivolous, unreasonable or groundless, and accordingly, Defendant should recover all costs and attorneys' fees incurred herein.

14. The claims are barred on the grounds of waiver, estoppel, and/or unclean hands.

15. The claims are barred by the doctrine of after-acquired evidence.

16. Severino-Gomez and/or Plaintiff has failed to mitigate damages, said damages being expressly denied.

17. To the extent that the Complaint seeks penalties, it violates Defendants' rights to substantive and procedural due process.

18. Plaintiff and/or Severino-Gomez, by its/his conduct and/or acts, words, or silence, amounted to representation or concealment of material facts, with knowledge or imputed knowledge thereof, and that such representation, silence, or concealment was relied on by the Defendant to its damage or detriment.

19. Defendant had just cause for its actions.

20. Defendant reserves the right to amend their answer herein to state additional affirmative or other defenses as may become known in discovery.

### III.   DEFENDANT'S RELIEF REQUESTED

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant prays as follows:

ANSWER TO COMPLAINT
(No. 3:18-cv-05888-RBL) — 10
4834-3941-7218v.1 0080500-000018

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE, Suite 2300
Bellevue, WA  98004-5149
425.646.6100 main · 425.646.6199 fax

A. That the EEOC take nothing by way of the Complaint;

B. That the EEOC's Complaint in this action be dismissed in its entirety with prejudice and without costs or fees to the EEOC of any kind;

C. That Defendant be awarded reasonable expenses incurred in defending this action, including costs and reasonable attorneys' fees; and

D. That Defendant be granted such other and further relief as the Court may deem just and equitable.

DATED this 7th day of December, 2018.

> Davis Wright Tremaine LLP
> Attorneys for LOGIC STAFFING LLC
>
> By *s/ Greg Hendershott*
> Greg Hendershott, WSBA #27838
> 777 108th Avenue NE, Suite 2300
> Bellevue, WA 98004-5149
> Tel: (425) 646.6100
> Fax: (425) 646.6199
> Email: greghendershott@dwt.com
>
> By *s/ Samantha Everett*
> Samantha Everett, WSBA #47533
> 920 Fifth Avenue, Suite 3300
> Seattle, WA 98104
> Tel: (206) 622-3150
> Fax: (206) 757-7700
> Email: samanthaeverett@dwt.com

ANSWER TO COMPLAINT
(No. 3:18-cv-05888-RBL) — 11
4834-3941-7218v.1 0080500-000018

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE, Suite 2300
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

DATED this 7th day of December, 2018

*s/ Greg Hendershott*
Greg Hendershott, WSBA #27838

ANSWER TO COMPLAINT
(No. 3:18-cv-05888-RBL) — 12
4834-3941-7218v.1 0080500-000018

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE, Suite 2300
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax